**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Fonji Delphine Ache,

Petitioner,

v.

Pamela Bondi, et al.,

Respondents.

No. CV-26-00593-PHX-RM (MTM)

**ORDER**

On June 2, 2026, the Court granted Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and ordered Respondents to provide Petitioner with a bond hearing, or in the alternative, release Petitioner. (Doc. 18.) The Court ordered that the bond hearing "comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)." (*Id.* at 10.) The Court further ordered that "the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (*Id.*) Finally, the Court ordered Respondents to file a notice of compliance within two days of Petitioner's bond hearing or release. (*Id.*)

On June 17, 2026, Respondents submitted a Notice of Compliance indicating that Petitioner had received a bond hearing but had been denied bond because she "failed to meet *her burden* that she was not a danger or flight risk." (Doc. 20 (emphasis added).) Given this inconsistency with the Court's directive that the burden of proof be on the Government, on June 22, 2026, the Court issued an Order requiring Respondents to submit either a transcript or audio recording of Petitioner's bond hearing. (Doc. 21.) Respondents

submitted an audio recording of Petitioner's bond hearing on June 26, 2026. (*See* Doc. 22.)

The audio recording of Petitioner's bond hearing confirms that the hearing was not compliant with the Order of the Court requiring that the Government bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (*See* Doc. 18.) The Immigration Judge who conducted the hearing stated that he had found that Petitioner "met her burden"[1] of proving that she was not a danger to the community, but that she had "not met her burden"[2] of proving that she was not a flight risk.

A conditional writ of habeas corpus orders the Government to release a habeas petitioner unless some remedial action is taken within a prescribed time period to correct the constitutional deficiency identified by the issuing court. *Harvest v. Castro*, 531 F.3d 737, 742 (9th Cir. 2008). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ, and may order unconditional release if the Government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020). Here, the Court issued a conditional writ of habeas corpus, requiring the Government to correct the due process violation created by Petitioner's prolonged detention under 8 U.S.C. § 1225(b)(2) by providing her with a bond hearing wherein the Government bore the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Doc. 18.) The Government has failed to comply with the writ; accordingly, Petitioner is entitled to immediate release.

**IT IS ORDERED** that Respondents must **immediately release** Petitioner under appropriate conditions of supervision.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] Audio Recording at 4:18.
[2] Audio Recording at 4:46.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within **two (2) days** of Petitioner's release.

Dated this 17th day of July, 2026.

Honorable Rosemary Márquez
United States District Judge